IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOSÉ SALINAS,

                          Plaintiff,

    v.

BRETT N. WILFRID and JOSEPH BALLES,

                          Defendants.

OPINION and ORDER

19 cv-850-jdp

---

Plaintiff José Salinas, appearing pro se, alleges that school officials violated his rights by stopping him from shadowing his fifth-grade son full-time at Madison's Sandburg Elementary School. Salinas also alleges that he was wrongfully arrested and incarcerated after he attempted to protest the decision. Defendants Brett Wilfrid, the school's principal, and Joseph Balles, the school's safety and security coordinator, filed a motion to dismiss Salinas's claims against them, Dkt. 7. Salinas responded in part by filing a document with a more detailed explanation of the events underlying his lawsuit. Dkt. 15. I'll construe that document as a supplement to his original complaint.

Despite Salinas's supplemental allegations, he fails to state any claims for relief: parents do not have a right to shadow their children while they are in school, his allegations do not support discrimination or retaliation claims, and he has alleged nothing to suggest that he was arrested without probable cause given that he was warned about trespassing on school grounds. So I will grant defendants' motion and dismiss the case.

ALLEGATIONS OF FACT

At the beginning of the 2019 academic year, plaintiff José Salinas requested to attend classes with his fifth-grade son at Sandburg Elementary. The school administration, led by defendant Wilfrid, allowed Salinas to shadow his son full-time for the first two weeks of the school year. Salinas characterized this as him "volunteering" at the school. On September 13, Wilfrid called Salinas into his office for a meeting to discuss limiting the time Salinas shadowed his son: Wilfrid suggested that Salinas volunteer about 90 minutes a day. Salinas refused. In response to Wilfrid discussing how secure the school was for the children, Salinas made a comment about "[turning] into the Hulk" Dkt. 15, at 4. I take Salinas to be saying that he meant the comment as a suggestion that the school was not as secure from threats as Wilfrid was suggesting. Salinas says that his "tone was good and [nonthreatening]." *Id.* But it's clear from Salinas's allegations that Wilfrid took the comment as a threat of physical violence. Salinas said that Wilfrid's offer made him uncomfortable and that he intended on continuing to shadow his son the entire day.

Two days later, defendant Balles mailed Salinas a letter in which he outlined restrictions on Salinas's ability to be on school grounds. Dkt. 14. Balles stated that Salinas had been a distraction in class, and he referred to Salinas's comment about "[turning] into the Hulk." *Id.* at 1. Balles stated that Salinas would be required to schedule an appointment with Wilfrid if he wished to enter any part of school grounds, including the parking lot and recreational areas, and that these restrictions would be in effect through the 2019–20 school year. The morning after receiving the letter, Salinas went onto school grounds to take his son to school. After seeing police on the school grounds and fearing that he would be arrested, Salinas drove

away without dropping his son off. The police pulled Salinas over and issued him a ticket for trespassing.

Salinas later protested his ban from school grounds by walking to the school, wearing signs he had made, and shouting that parents have a right to volunteer without time limits. While Salinas was on his way to the school, a Madison police officer warned Salinas that he would be arrested if he continued onto school property. Upon Salinas's arrival at the school, another officer warned Salinas that Salinas could not block traffic in the street. Salinas entered school property and he was arrested for trespassing.

Salinas was held overnight at the Dane County Jail. He wasn't able to sleep that night, and I take him to be saying that in the morning he discovered a threatening message on his bed written in toothpaste by another detainee.

ANALYSIS

In his complaint, Salinas contends that defendants wrongfully separated him from his child, discriminated against him, and retaliated against him in violation of his constitutional rights. He also suggests that he was wrongfully arrested.

Defendants raise numerous grounds in support of their motion to dismiss. Defendants contend that Salinas did not accomplish proper service of his complaint and summons. The Dane County Sheriff's Office delivered copies of the summons and complaint to the Madison Metropolitan School District Office, and the proof-of-service forms state that deputies served process on Sherry Terrell-Webb, a person designated by law to accept service for defendants. *See* Dkt. 6. But defendants have submitted a declaration from Terrell-Webb stating that she was not authorized to accept service on behalf of defendants. Dkt. 11. If the motion to dismiss

hinged on this issue, I'd give Salinas a chance to submit evidence supporting the deputies' characterization of Terrell-Webb as a person designated by law to accept service for defendants and if need be give him another chance to accomplish service. But because I am dismissing the case for other reasons I need not address the service issue further.

Defendants also contend that the case should be dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Salinas's complaint and supplement do not suggest any reason to think that the parties are citizens of different states. Salinas does invoke concepts that could support claims under federal law, including that he was discriminated and retaliated against by the government-employee defendants. The problem for Salinas is that his factual allegations do not support any federal claims.

A motion to dismiss for failure to state a claim may be granted only if it appears beyond a reasonable doubt that the plaintiff could prove no facts in support of his claim that would entitle him to relief. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face, and requires more than a mere possibility that the defendant has acted unlawfully. *Id*.

Salinas states that he was wrongfully separated from his child in violation of his civil rights. He concludes his supplement by stating that "[g]ood parents have the right to volunteer without time limits" and that slavery is prohibited, and he cites Wisconsin statutes discussing the University of Wisconsin System's authority to make appointments for student assistants. Dkt. 15, at 19–20. His discussions of slavery and the UW System don't have anything to do with the facts of this case, so he cannot proceed on claims under these theories. But pro se

4

plaintiffs are generally not required to plead legal theories in their complaints. *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005).

At the heart of the case is Salinas's belief that he has a right to shadow his son at school all day, every day. Parents have a substantive due process right to make decisions about the care, custody, and control of their children. *Troxel v. Granville*, 530 U.S. 57, 65–66 (2000). But courts have not extended that right to include unfettered access to their child's school grounds. *See, e.g.*, *Lovern v. Edwards*, 190 F.3d 648, 656 (4th Cir. 1999) (plaintiff's "assertions that school administrators must provide him with boundless access to school property are 'obviously without merit'"); *Mejia v. Holt Pub. Sch.*, No. 5:01-CV-116, 2002 WL 1492205, at *6 (W.D. Mich. Mar. 12, 2002) (parental-control due process cases "do not extend or create a right of parents to go onto school property for purposes of participating in the child's education"); *Ryans v. Gresham*, 6 F. Supp. 2d 595, 602 (E.D. Tex. 1998) ("the case law pertaining to the constitutional right of parents to direct the education of their children discloses no holding even remotely suggesting that this guarantee includes a right to access to the classes in which one's child participates"). So I conclude that Salinas does not state a substantive due process claim.

Salinas also cursorily mentions that defendants discriminated and retaliated against him. In other circumstances I might give Salinas a chance to amend his complaint to develop his basis for those theories. But Salinas already has supplemented his complaint with a detailed, through recounting of the events. Nowhere does he explain how he was discriminated against. For instance, he does not allege that parents of other races were allowed to shadow their children all day. And Salinas does not plausibly allege that defendants' decision to bar him from school grounds was in retaliation for protected speech; the only reasonable reading of his

allegations and the attached letter from Balles is that defendants' actions were a response to Salinas's refusal to accept the proposal for limited shadowing and Salinas's comments that they considered threatening. So I conclude that Salinas fails to state any federal claims for relief against defendants, and I will grant defendants' motion to dismiss.

Salinas also alleges that he was wrongfully arrested and he suggests that he was threatened in jail. Salinas cannot proceed on claims about those events. An initial problem is that Salinas doesn't name police officers or jail staff as defendants. Ordinarily I would allow a plaintiff to amend his complaint to name additional defendants. But it would be futile for Salinas to amend his complaint in that way. A claim for wrongful arrest can be brought in federal courts under the Fourth Amendment. But probable cause is an absolute defense to that type of a claim, *Chelios v. Heavener*, 520 F.3d 678, 685 (7th Cir. 2008), and Salinas's allegations make clear that the police had probable cause to believe that he was trespassing: he was indeed barred from school grounds. And any potential claim about Salinas's time in jail is too far removed from the school-shadowing claims to include it in this lawsuit. *See* Fed. R. Civ. P. 20(a)(2) (defendants may be joined together in lawsuit if claims "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action").

One final point. Salinas's son presumably will be moving onto a new school (Sandburg Elementary offers kindergarten through fifth grade), and it's unclear whether the Madison schools intend further restrictions against Salinas when the new school year resumes. Salinas's desire to control the education of his child is an understandable one, although his request for full-time shadowing does not support any federal claim. Going forward, I encourage Salinas to

6

work in a respectful manner with school officials in addressing his concern about his son's education.

ORDER

IT IS ORDERED that defendants' motion to dismiss, Dkt. 7, is GRANTED. The clerk of court is directed to enter judgment for defendants and close the case.

Entered July 16, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge